UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HOSANNA MILLER, FAITH RUSSELL, AND RACHEL MILLER, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br>           Plaintiffs,<br><br>v.<br><br>VISION OF HOPE MINISTRIES, INC. AND FAITH CHURCH OF LAFAYETTE, INC.<br>           Defendants. | CASE NO. 4:25-cv-00033-PPS-JEM |

**JOINT STATUS REPORT**

1. The parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this joint status report on March 9, 2026. Jason Ramsland participated for the plaintiff(s), and Barry Loftus participated for the defendant(s).

**2. Jurisdiction.**

The court has jurisdiction under 27 U.S.C. § 1331. The parties agree that Plaintiffs are pursuing a claim which arises under federal law.

**3.     Pre-Discovery Disclosures.**

The parties exchanged Rule 26(a)(1) disclosures on September 8, 2025.

**4. Current Status of Case.**

Plaintiffs served discovery on Defendant on July 10, 2025. Defendants responded on September 12, 2025, and have since served supplemental responses on December 17, 2025 and February 10, 2026.

The parties propose the following discovery plan.

1

Plaintiffs intend to take depositions of Vision of Hope pursuant to Fed. R. Civ. P. 30(b)(6). Defendants intend to take the depositions of Faith Russell and Hosanna Miller.

Prior to class certification, Defendant intends to take depositions of the named Plaintiffs (Faith Russell and Hosanna Miller), and the following declarants identified in the affidavits supporting Plaintiffs' Motion for Class Certification: Roxann Morrison, Vanessa Johnson, Ashley Fritsch, Elayna Prekker, and Ann Stewart.

Prior to certification of the class, discovery will be needed on the following subjects: the numerosity, commonality of the class, the typicality of Plaintiffs' claims and the adequacy of representation.

After certification of the class, discovery will be needed on the following subjects: evidence pertaining to Plaintiffs' claims, evidence pertaining to Defendants' defenses, and evidence pertaining to damages, particularly the lost wages, medical expenses, pain and suffering damages, and the suitability of this matter for punitive damages against Defendants.

Disclosure or discovery of electronically stored information should be handled as follows: the parties do not expect an unusually high volume of ESI in this matter, and as such the parties will disclose ESI by producing the pertinent documents in .pdf format or, if accessible with generally available and non-specialty software (e.g. .docx, .msg, .pst, .ost, or the like), in their native format.

The last date to complete all discovery is December 2, 2026.

Maximum of 30 interrogatories by each party to any other party.

Maximum of 30 requests for admission by each party to any other party.

Maximum of 7 depositions by plaintiff(s) and 10 by defendant(s).

Each deposition, other than of the named Plaintiffs, is limited to a maximum of 7 hours unless extended by order of the Court.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

January 4, 2027 for plaintiff(s);

February 4, 2027 for defendant(s); and

March 4, 2027 for Rule 26(e) supplements.

Depositions of any expert witnesses must be completed by March 31, 2027.

5.     Other Items.

The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is May 2, 2026.

The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is May 2, 2026.

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for jury trial by <u>July 2027</u> and at this time is expected to take approximately 10 days.

At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

With regard to Defendant's Response to Plaintiff's Motion to Certify the

Class, the Parties separately propose the following timelines: (1) Plaintiff proposes Defendant's Response to Plaintiff's Motion should be due by April 13, 2026; (2) Defendant proposes its Response to Plaintiff's Motion should be due by June 13, 2026. Unable to agree on a deadline, the Parties respectfully seek the Court's assistance in setting the deadline for Defendant's Response.

The Parties agree that, after Defendant files its Response to Plaintiff's Motion to Certify the Class, Plaintiff's reply shall be due 30 days thereafter; and any surreply 15 days thereafter Plaintiffs' reply. These deadlines may be extended by stipulation of the parties or by Order of the Court.

Dispositive motions must be filed no later than April 1, 2027.

6.  Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

Mediation

The parties have agreed upon William Hussmann as mediator.

Date: _____


/s/ Jason Ramsland (with permission)        /s/ Barry L. Loftus
Counsel for Plaintiff(s)                    Counsel for Defendant(s)