UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HOSANNA MILLER, FAITH RUSSELL, AND RACHEL MILLER, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>v.<br><br>VISION OF HOPE MINISTRIES, INC. AND FAITH CHURCH OF LAFAYETTE, INC.,<br><br>      Defendants. | CASE NO. 4:25-cv-00033-PPS-JEM |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEPOSITION NOTICE

Come now Defendants Vision of Hope Ministries, Inc. and Faith Church of Lafayette, Inc. ("collectively, "Defendants"), for this Response to Plaintiffs' Motion for Protective Order and Motion to Quash Deposition Notice[1]. Contemporaneous with this Response, Defendants file a Motion to Compel the in-person deposition of Faith Russell.

On February 16, 2026, Defendants' attorney first asked for dates to take the depositions of the named Plaintiffs. Ex. 1. Plaintiffs' attorney did not provide dates. *Id.* On March 2, 2026, Defendants' attorney asked again for dates to take the named Plaintiffs' depositions. Ex. 2. Plaintiffs' attorney did not provide dates but said

---

[1] Plaintiffs failed to file with their Motion the certification required under N.D. Ind. L.R.37-1(a), indicating they have conferred in good faith to resolve this conflict, which the rules provide may be grounds for denial of the Motion. N.D. Ind. L.R.37-1(b).

1

Russell's deposition must be done by remote video conference. *Id.* On March 4, 2026 Defendants again asked Plaintiffs' attorney for depositions dates for both named Plaintiffs, and provided cases that supported taking the named Plaintiffs' depositions in the forum.[2] Ex. 3. (DE 33, p. 2). Plaintiffs' counsel shrugged off Defendants' caselaw due to the age of the cases, and refused to provide deposition dates unless Defendants agreed to video deposition. *Id.* On March 18, 2026, Defendants' counsel called Plaintiffs' counsel to inquire as to deposition date, however followed up with an email with Plaintiffs' counsel could not be reached. Ex. 4. Defendants' counsel again asked Plaintiffs' counsel for dates to take the depositions of the named Plaintiffs. *Id.* Plaintiffs' counsel refused to give a date for Faith Russell unless "you agree to do by video conference." *Id.*

On March 19, 2026, Defendants issued deposition notices for the named Plaintiffs, wherein Faith Russell's deposition was noticed for March 30, 2026, to be taken in-person in the forum. Ex. 5. On March 26, 2026, Plaintiffs' counsel informed Defendants that Faith Russell would not be attending the deposition. On April 1, 2026, Defendants issued a second deposition notice for Faith Russell, with the deposition scheduled on April 16, 2026, to again be taken in-person in the forum.  Ex. 6. Plaintiffs' counsel responded, stating they would be seeking a protective order since the deposition was noticed to be in-person, stating "[w]e've taken a remote video

---

[2] To the extent Plaintiffs' counsel's use of quotation marks around "I want to and I'm entitled to it" (DE 33, p. 1, 3) implies an actual quotation, let it be clear: This is not a statement ever made by Defendants' counsel; it is Plaintiffs' counsel's mischaracterization of the conversations had over the emails attached to this Response as exhibits 1-3.

conference deposition as far back as 2019, Barry. That was in a far more document-intensive case than this. I know you're capable of it." *Id.* Plaintiffs counsel has still, to date, not provided any dates for Faith Russell's deposition, and has conditioned providing deposition dates on Defendants' agreement to take the deposition remotely. The only justification Plaintiffs' counsel has given for seeking a remote deposition is that Russell lives out of state.

Russell's Motion falls short of showing she is entitled to protective order against an in-person deposition. Although the Federal Rules provide that a deposition may be taken by remote means (FRCP 30(b)(4)), this is not the default rule. Rather, deposition by remote means is an exception and is only permitted by stipulation of the parties or with approval of the Court. *Id.* Conversely, there exists a general principle that a plaintiff may be required to attend their deposition in the forum where the case was filed, based on the theory that "the plaintiff has chosen the forum voluntarily and should expect to appear for any legal proceedings." *Gibbs v. AMTRAK*, 170 F.R.D. 452, 453 (N.D. Ind. 1997) (citing *Newman v. Metropolitan Pier & Exposition Authority*, 962 F.2d 589, 591-92 (7th Cir. 1992)). Moreover, "[i]n the absence of compelling circumstances or extreme hardship, a plaintiff should appear for a deposition in the forum of his choice—even if he is a nonresident." *Allen v. Harrah's Entm't*, 2005 U.S. Dist. LEXIS 64334 *5 (N.D. Ind. 2005).

Russell, then, bears the burden of showing that "compelling circumstances or extreme hardship" exist to justify taking her deposition remotely. *Id.* Inconvenience is not enough. Russell must make a "particular and specific demonstration of fact, as

3

distinguished from stereotyped and conclusory statements" to show her entitlement to a protective order. *Id.* at *3-4. Russell's motion fails to make such a showing.

Plaintiff gives the following reasons why a protective order and remote deposition should be ordered: (1) Defendants' counsel has not given a "meaningful reason" or indicated a "genuine need" as to why they should be able to take Russell's in-person deposition (DE 33, pp. 1, 3), (2) Russell would have to travel from Iowa (*id.*, p. 3), (3) Russell would have to find lodging (*id.*), (4) Russell would have to find childcare (*id.*), and (5) attending the deposition in-person would be a financial burden (*id.*). These reasons do not show "compelling circumstances or extreme hardship" to warrant a protective order.

First, it is not Defendants' burden to show they are entitled to take Russell's deposition in-person; rather, the burden rests with Russell to show why she is entitled to be protected from an in-person deposition. *See Gibbs,* 170 F.R.D. 452; *Allen*, 2005 U.S. Dist. LEXIS 64334. As has been recognized in this Circuit, "In terms of the truth-seeking function of a deposition, a remote video deposition is not a substitute for the in-person, face-to-face confrontation between adversaries." *Crutchfield v. Experian Info. Sols., Inc.*, 2025 U.S. Dist. LEXIS 204140 at *4-5 (N.D. Ill. 2025). That, by default, is the "meaningful reason" and "genuine need" Russell demands; the onus is hers to show why Defendants should be forced to use a second-best deposition format.

Second, Russell does not explain how travel would impose an extreme hardship on her. Russell presumably owns a vehicle that she could use for travel, and if not, air travel and bus travel are options, as Lafayette has its own airport and its own bus

4

station with routes to Iowa City, Iowa. Courts have rejected similar arguments that the inconvenience or difficulty of travel is good cause for ordering a remote deposition. In *Ehmann v. Transcon. US, LLC*, the Court noted that "[p]eople routinely face similar difficulties in transportation. However, they are expected to find solutions to enable them to comply with their important obligations. Lawsuits are often inconvenient. Litigants routinely are expected to take time off work or call on friends or family to do so in order to enable them to meet their obligations in prosecuting a lawsuit. Relying on his wife's car is obviously not [plaintiff's] only option. For example, there is regular low-cost bus service between Appleton and Milwaukee that provides an efficient travel option for [plaintiff]. In short, if this lawsuit is important to [plaintiff], it is not too much to ask that he find a solution to comply with his obligations to prosecute it." 2026 U.S. Dist. LEXIS 63089 (E.D. Wisc. 2026). Plaintiff has the ability to travel and do so by low-cost options. The distance between Iowa and Indiana alone, or the simple fact that Russell would have to travel, does not constitute "extreme hardship."

Third, having to find lodging is not in itself an "extreme hardship." Russell has not indicated she has no family or friends in the area she could stay with and in fact, Hosanna Miller, Russell's co-Plaintiff, resides locally. However, even if Russell did not have any friends or family in the area, she does not state how the cost of renting a hotel room would be an "extreme hardship" on her, but rests on the conclusory statement that it would be a financial burden. A financial burden does not automatically qualify as an "extreme hardship."

Fourth, finding childcare is not an "extreme hardship" because Russell would have to find childcare anyway even for a remote deposition, especially one that is expected to take up to seven hours. Finally, Russell's conclusory statement that attending the deposition in-person would be a "financial burden" is precisely the type of conclusory statements that courts have held do not justify a protective order. *See Allen*, 2005 U.S. Dist. LEXIS 64334 (denying a protective order requiring the plaintiffs' depositions to be remotely because plaintiffs' justification that they would "incur great expense…[and] travel great distances" for an in-person deposition does not establish good cause.); *Crutchfield*, 2025 U.S. Dist. LEXIS 204140 at *3-4 (rejecting plaintiff's reasons for seeking a remote deposition (that she would "be forced to 'incur significant and unnecessary travel expenses, time away from work/family, and logistical burden,'") as general and vague.). The reasons provided by Russell are not unique; they are routine in lawsuits and do not constitute "extreme hardship."

Plaintiff also states Russell's remote deposition is justified because COVID-19 forced lawyers to become acquainted with remote videoconferencing technology, and because Defendants' counsel has taken remote depositions previously in other cases. (DE 33, p. 3). The fact that attorneys were forced to use remote depositions during the COVID-19 pandemic, and still choose to do so on some occasions today despite their inferiority as noted above, does not create a de-facto rule favoring remote depositions, and the rationale underlying remote depositions in the COVID-19 era are irrelevant here. *See Crutchfield,* 2025 U.S. Dist. LEXIS 204140 at *3-4 (rejecting plaintiff's reliance on a case where COVID-19 was the basis for permitting a

6

deposition to proceed remotely, stating the basis for permitting a remote deposition in that case were not present to the plaintiff herself.). The relevant inquiry here is whether Russell has shown "compelling circumstances or extreme hardship" to justify granting the protective order and ordering a remote deposition. *Allen*, 2005 U.S. Dist. LEXIS 64334 *5. She has not.

Mandating a remote deposition of Russell would prejudice Defendants. Russell's experiences, claims, and information are a central part of Plaintiffs' Motion for Class Certification, and thus, exploring and testing those experiences, claims, and information are critical to Defendants' Response to Class Certification, which is due on May 29, 2026. Like the deposition of co-Plaintiff Hosanna Miller, Russell's deposition is expected to last nearly the full seven hours allotted, and exhibits may include hundreds of pages of documents which would prove difficult to exchange and examine over a remote platform. A remote deposition also deprives Defendants' from observing the Russell's body language, which is essential to being able to question her. *Ehmann*, 2026 U.S. Dist. LEXIS 63089 at *4; *see also Crutchfield*, 2025 U.S. Dist. LEXIS 204140 at *4-5 (noting importance of "in-person, face-to-face confrontation between adversaries").

Plaintiffs' counsel has alleged that Defendants' request for in-person depositions is "transparently intended to inflict maximum hardship upon Ms. Russell" and is "simply to inflict punishment on Ms. Russell." Ex. 3; DE 33, p. 4. Defendants have no punitive intent in seeking Russell's in-person deposition, which is permitted under the Federal Rules and favored by case law. Taking a plaintiff's

deposition in the forum they chose to litigate is not punitive, it is the standard, absent some "extraordinary hardship" present to warrant a remote deposition. Defendants merely seek to take Russell's deposition in the forum where she will presumably appear for trial in this matter.

Russell has failed to prove her burden to show attending the in-person deposition would inflict "extreme hardship" on her. Compelling a remote deposition of the named Plaintiffs/class representatives in this case would not be appropriate as the risks to Defendants far outweigh any alleged burden to Russell. This Court should adhere to the general rule that the Plaintiffs should be deposed in the forum where they chose to file the lawsuit, and that Defendants deserve "in-person, face-to-face confrontation between adversaries." *Crutchfield*, 2025 U.S. Dist. LEXIS 204140 at *4-5.

Defendants respectfully pray the Court enter an order denying Russell's Motion for Protective Order and Motion to Quash, and order Russell's deposition to be held in-person in the forum, on a date prior to the deadline for Defendants' Response to Class Certification.

Respectfully submitted,

*/s/ Barry L. Loftus*

| Barry L. Loftus | #20993-79 |
| Jason W. Bennett | #22895-79 |
| Kirstie E. Klutzke | #38239-79 |

300 Main Street, Suite 900
Lafayette, IN 47901
Phone: (765) 423-1561
Fax: (765) 742-8175
Email: bll@stuartlaw.com
jwb@stuartlaw.com
kek@stuartlaw.com
*Attorneys for Defendants*

9